LAW OFFICES OF DOUGLAS B. PRICE, P.C.
BY: Douglas B. Price, SBA # 7720
401 West Baseline Road, Suite 207
Tempe, Arizona 85283
Phone (480) 345-8100   Fax (480)345-8134

Attorney for Debtors

IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| In re: | In chapter 13 |
| MICHAEL V. PAYNICH and<br>SANDRA A. PAYNICH,<br><br>Debtors. | No. 2.09-bk-26807 RJH<br><br>**CHAPTER 13 PLAN<br>AND APPLICATION FOR<br>PAYMENT OF ADMINISTRATIVE<br>EXPENSES** |

**CREDITORS SHALL BE PROVIDED FOR AND PAID FOR AS STATED IN THIS PLAN REGARDLESS OF THE SECURED AMOUNT STATED IN A PROOF OF CLAIM. IF A SECURED CREDITOR DOES NOT FILE A TIMELY OBJECTION TO CONFIRMATION OF THE PLAN, THEN IT IS DEEMED TO HAVE ACCEPTED TREATMENT OF ITS CLAIM UNDER THE PLAN AND THE AMOUNT PAID ON THE SECURED CLAIM. 11 U.S.C. SECTION 1325(a)(5)(A). CONFIRMATION OF THE PLAN BINDS ALL CLAIMANTS TO TREATMENT OF THE CLAIMS AS PROVIDED FOR IN THIS PLAN. THE BINDING EFFECT IS REGARDLESS OF ANY PROOF OF CLAIM WHICH MAY BE FILED. 11 U.S.C. SECTION 1327.**

**IF A CREDITOR FAILS TO FILE A SECURED CLAIM BEFORE CONFIRMATION OR FILES A WHOLLY UNSECURED CLAIM, THE DEBTOR(S) MAY DELETE THE PROPOSED PAYMENT OF A SECURED CLAIM IN A THE ORDER CONFIRMING THE PLAN WITH NO ADDITIONAL NOTICE. IF A CREDITOR FILES A SECURED CLAIM IN AN AMOUNT LESS THAN THAT PROPOSED IN THE PLAN, THEN THE SECURED CLAIM WILL BE THE AMOUNT PAID PURSUANT TO THE CLAIM.**

**NEITHER THIS PLAN NOR THE ORDER CONFIRMING SHALL CONSTITUTE AN INFORMAL PROOF OF CLAIM FOR ANY CREDITOR.**

Debtors propose the following chapter 13 Plan pursuant to 11 U.S.C. Section 1325:

I. **PROPERTY AND FUTURE EARNINGS.**

   1. Debtors submit the following property and wages to the supervision and control of the Trustee:

1

a. Future earnings as follows:

**$1,800.00 per month** for months 1 through 36 ($64,800.00).

Plan yield is **$64,800.00**; payment is due on the 20th day of each month, commencing **November 20, 2009**.

DEBTORS ARE TO MAKE THEIR MONTHLY PLAN PAYMENTS IN THE FORM OF A CASHIER'S CHECK OR MONEY ORDER PAYABLE TO THE CHAPTER 13 TRUSTEE OR BY PAYROLL DEDUCTION. DEBTORS ARE INSTRUCTED TO WRITE THEIR NAME AND CASE NUMBER ON EACH CHECK OR MONEY ORDER.

b. if additional property is submitted to the Trustee, excepting property recovered by the trustee, it shall be treated as advance payment, providing that the Plan shall not be reduced to less than 36 months unless all claims are paid in full.

**II. DURATION OF PLAN.**

Debtors shall make monthly payments to the Trustee for a period of **Thirty-six (36)** months from the date of first payment. If at any time before the end of this period all claims are paid, the plan shall terminate and the debtor shall be discharged.

**III. APPLICATION FOR ADMINISTRATIVE EXPENSES**

Trustee's fees and costs shall be paid as a percentage of each plan payment received by the trustee, to be periodically fixed by the U.S. Attorney General pursuant to 28 U.S.C. Section 586(e), but not to exceed ten percent.

Attorney for debtor herein applies for compensation for ESTIMATED administrative expenses. Estimated attorney's fees are based on the standard hourly rate of **$300.00** per hour for attorney time and **$135.00** per hour for paralegal time. Pursuant to the Local Rules of Bankruptcy Procedure, the ESTIMATED minimum retainer to be disclosed is **$5500.00** of which **$1795.00** has already been paid. The Plan provides for payment of the remaining **$3705.00 to be paid by the trustee to debtors' attorney**. The fee represents ESTIMATED payment of the ANTICIPATED attorney's fees AND COSTS associated with the filing of the debtors' bankruptcy proceeding, including preparation and filing or amendment, as appropriate, of a Petition, Schedules A, B, C, D, E, F, G, H, I and J, Statement of Financial Affairs, mailing matrix, ONE Chapter 13 plan, Plan analysis, ONE Order confirming plan, ONE letter response to Trustee's Evaluation of Plan, representation of client at Section 341 hearing (one trip only up to 2 hours), costs and advising the debtor as issues arise. Costs include, but are not limited to, postage, copying and obtaining ONE updated mailing matrix.

FEES STATED HEREIN ARE ESTIMATED AND ARE SUBJECT TO INCREASE BASED ON ATTORNEY AND/OR PARALEGAL TIME SPENT ON THIS CASE. SHOULD THE FEES EXCEED $4500.00 plus the costs stated, ATTORNEY WILL FILE AND NOTICE A SEPARATE FEE APPLICATION.

The fees paid under the Plan will NOT include the following:

Correspondence and negotiation with creditors and trustee in excess of 3 hours, objections to proof of claims, motions to avoid liens, judicial or non-purchase money, or to avoid security interests where appropriate, conversion of the case to a different chapter, ALL additional hearings, amendments, motions for moratoriums, motions to modify the Plan, motions to approve post-petition debts, motions to sell estate property, representation of clients in a contested matter including, but not limited to, creditor contempt of court motions and letters, motions to lift the automatic stay, objections to discharge and motions to dismiss, whether filed by the trustee or otherwise. Fees for these services will be billed at attorney's above-stated HOURLY rate, billed in hours and tenths of hours.

The following amounts may be charged to the Debtor during the administration of this case without further fee application:

| | |
|---|---|
| Response to Stay Lift Motion: | $485.00 |
| Motion for Moratorium: | $485.00 |
| Amendment to Schedules: | $124.00 plus $26 filing fee. |
| Change of Address (after 1st) | $ 50.00 |

The following ESTIMATED amounts are to be paid for administrative expenses:

| | |
|---|---|
| Trustee's admin. expenses (maximum 10%) | $ 6,480.00 |
| Debtors' Attorney's Fees | $ 3,705.00[1] |
| **TOTAL ADMINISTRATIVE EXPENSES** | **$10,185.00** |

## IV. CLASSIFICATION AND TREATMENT OF CLAIMS.

The claims shall be classified and paid in the order listed:

1. Administrative expenses as specified above.

2. Claims secured only by real estate constituting the debtors' principal residence dealt with in the plan on which the last payment is due after the date on which the final payment under the plan is due:

---

[1] Amount stated is estimated and may be increased by separate fee application. If no fee application is filed, then the amount of fees will be the amount stated.

3

A.  **1ˢᵗ MORTGAGE - CHASE HOME FINANCE - NO ARREARAGE.**  There are no pre-petition arrearages to the first mortgage holder, Chase Home Finance Acct....9508, on Debtors' residence located at 8961 W. Lone Cactus Drive, Peoria, AZ.

B.  Debtors will pay all future monthly mortgage payments on their first mortgage ONLY directly to the mortgage holder, Chase Home Finance, commencing with the **November 1, 2009** payment.

C.  Homeowner's insurance and current property taxes will be paid by the lienholder from impounds as indicated in the budget.

D.  Debtors have budgeted for payment of monthly mortgage payments of **$1774.50 per month** in the Chapter 13 Budget

E.  **NOTICE: DEBTORS MAY MARKET AND SELL THEIR RESIDENCE WITHOUT FURTHER ORDER OF THIS COURT, AND MAY HIRE REAL ESTATE PROFESSIONALS TO ASSIST THEM IN MARKETING THE PROPERTY, AND MAY PAY SAID PROFESSIONALS OUT OF THE PROCEEDS FROM THE SALE, PROVIDING THAT DEBTORS OBTAIN THE PRIOR APPROVAL OF THE CHAPTER 13 TRUSTEE.**

F.  **PURSUANT TO A.R.S. TITLE 33, SECTION 1101, IN THE EVENT THE PROPERTY IS SOLD, DEBTORS' PORTION OR SHARE OF THE PROCEEDS FROM THE SALE OF DEBTORS' HOMESTEADED PROPERTY, UP TO $150,000, MAY BE USED IN ANY MANNER, AND MAY BE TRANSFERRED, ENCUMBERED, OR SOLD WITHOUT FURTHER ORDER OF THIS COURT UPON THE TRUSTEE'S APPROVAL.**

G.  Pursuant to Local Rules, debtors estimate the value of their residence is **$172,000.00**, less liens and encumbrances.  Method of valuation: Median Value from Zillow.com report dated 10/2/09.

H.  **2ⁿᵈ MORTGAGE - STATE FARM BANK - SCRAPE OFF** - Debtors allege that all amounts presently owed to **STATE FARM BANK Acct....2862**, Houston TX 77801 (Correspondence), are unsecured pursuant to 11 U.S.C. Section 506(a) and (d); <u>Nobleman v. American Savings Bank</u>, 113 S.Ct. 2106 (1993); <u>In re Plouffe</u>, 157 B.R. 198 (Bkrtcy D. Conn., 1993); <u>In re Sette</u>, 164 B.R. 453 (Bkrtcy E.D.N.Y., 1994).

I.  **STATE FARM BANK Acct....2862** will therefore be paid as a general unsecured creditor pursuant to Paragraph 8 of this Chapter 13 Plan, with any lien on debtors' residence at **8961 W. Lone Cactus Drive, Peoria, AZ 85382**, legal description:

> **Lot 30, DEER VILLAGE UNIT 2, according to Book 435 of Maps, Page 21, records of Maricopa County, Arizona**

to be <u>fully avoided</u> as unsupported by equity.

   3.  Secured or unsecured claims dealt with in the plan on which the last payment is due after the date on which the final payment under the plan is due: **NONE**.

4

4. Claims secured only by real estate constituting debtors' principal residence, which have fully matured prior to the filing of the Chapter 13 Plan: **NONE**.

5A. Claims secured by personal property

The following creditors shall retain their interest in property securing their claims. They shall be paid the lesser of the debt balance or the value of the property securing their claim as stated (or as adjusted by court at the confirmation hearing), plus interest at the rate specified herein (or as adjusted by the court at the confirmation hearing). Upon PAYMENT OF THE SECURED AMOUNT, the security interest in the respective vehicle held by the secured creditor shall IMMEDIATELY AND WITHOUT DELAY be released and any keys and/or title held by the creditor shall be provided to the Debtor. In the case of a leased vehicle, upon payment of the secured claim, lessor shall transfer title to debtors. Any unpaid balance shall be classified and paid as an unsecured claim. Claims paid as secured shall be paid in full prior to commencement of payment on any claims listed hereafter.

Pursuant to local Rules, all values are based upon the Kelly Bluebook private party value where such value is available. If a Kelly Bluebook private party value is not available, the value is based upon debtor's best estimate of the value.

| **Creditor/Security** | **Balance or Value** | **Interest** | **Sec./Unsec.** |
|---|---|---|---|
| Bank of America<br>Jacksonville, FL<br>2007 Chevrolet Avalanche Sport Utility | $12,882.00 balance | 2.0%<br>simple | $12882/0 |
| Desert Schools FCU<br>Phoenix, AZ 85062<br>2006 Nissan Quest SE Minivan | $19,210.00 value | 2.0%<br>simple | $19210/$13352 |

**TOTAL SECURED**     **$32,092.00**

Debtors have full coverage insurance as follows:

Insurance Co.: USAA
Policy No.: 00419 38 13C 7101 5
Expiration: January 7, 2010
Agent: Customer Service
Phone No.: 800-531-8111

**5B. ADEQUATE PROTECTION**: Debtors will agree to adequate protection payments of **$243.00** (based on value of $24,310.00) per

5

month to Secured Creditor **BANK OF AMERICA for the 2007 Chevrolet Avalanche Sport Utility**, commencing from the petition date, with such payments being applied to the principal and interest owed to **Bank of America, Jacksonville, FL**. Adequate protection payments shall be duly allowed as a lien, payable in the event of dismissal or conversion of the case, subject to Trustee's fees and costs, simultaneously with administrative expenses and attorney's fees. Adequate protection payments shall continue until such time as regular payments to the secured creditor commence under the plan.

**5C. ADEQUATE PROTECTION**: Debtors will agree to adequate protection payments of **$192.00** per month to the Secured Creditor, **DESERT SCHOOLS FCU for the 2006 Nissan Quest SE Minivan**, commencing from the petition date, with such payments being applied to the principal and interest owed to **Desert Schools FCU, Phoenix, AZ**. Adequate protection payments shall be duly allowed as a lien, payable in the event of dismissal or conversion of the case, subject to Trustee's fees and costs, simultaneously with administrative expenses and attorney's fees. Adequate protection payments shall continue until such time as regular payments to the secured creditor commence under the plan.

6. Other secured claims dealt with in the plan:

**6A.** Debtors shall surrender the property at **19221 North 30th Place, Phoenix, AZ** in full satisfaction of the claim owed to **SAXON MORTGAGE SERVICES, Fort Worth, TX** with any remaining balances to be treated as general unsecured debts pursuant to paragraph 8 of the Plan.

**6B. TIMESHARE: Debtors shall surrender their Cibola Vista timeshare at Cibola Vista Resort & Spa to Cibola Vista Resort & Spa, LLC in full satisfaction of the debt owed with any deficiency**

6

to be paid as general unsecured.

7. Taxes and Tax Penalties

Debtors declare the following:

__XXX__ Yes, Debtors state that they have filed all state and Federal income tax returns which are due as of the date of filing this plan. Debtors agree to keep current the filing of all required post-petition tax returns, as well as making all payments due on such returns.

The following priority tax claims shall be classified and paid at 100% of the allowed proof of claim, without postpetition interest: (a) taxes on which returns (if required) were due within three years before commencement of this case; (b) taxes assessed within 240 days prior to the commencement of this case; (c) tax for which returns were not filed, or were filed late, within two years before the commencement of this case.

Payment on priority claims shall begin after payment of administrative expenses and any secured claims. All taxes not paid by the plan, or a tax claim that is not allowed because it is not timely filed, shall be discharged by these proceedings, even though no payments are received by the creditor. Any liens held by the respective tax agencies will be deemed extinguished, and are to be released upon completion of this Plan. **NONE.**

8. Unsecured claims dealt with in the plan:

All other claims shall be classified as unsecured. Unsecured claims shall be paid the balance of payments under the plan, pro rata. Said amount may be increased and or decreased should the secured and/or priority liabilities and/or attorney's fees differ from that estimated. Any amounts unpaid shall be discharged.

**V. OTHER PROVISIONS**

1. **VESTING OF PROPERTY**--Property of the estate, except for secured property, shall vest in the debtors upon confirmation of the plan. The debtors may use the re-vested property in any manner, or may sell the property, without further order of this court.

2. **EXECUTORY CONTRACTS**--Debtors elect not to assume the leases or contracts with the creditors named in this paragraph and shall surrender to such creditor the collateral subject to the lien or lease in full satisfaction of any and all claims, secured or

unsecured, arising from the transaction. Debtors hereby assume all leases not specifically rejected hereunder. **NONE LISTED**.

   3.   **EFFECTIVE DATE OF PLAN**--The effective date of the plan shall be the date of the Order Confirming the Plan. With respect to pre-petition claims, the automatic stay of 11 U.S.C. Section 362 will remain in full force and effect on all real and personal property of the debtor until the discharge granted under 11 U.S.C. Section 1328 is granted, or until the dismissal of this proceeding. This provision does NOT apply to the collection of post-petition tax debts.

   4.   **PLAN ANALYSIS**--Pursuant to Local Rules, Debtors attach hereto a Plan Analysis, Form 13-2. Said plan analysis is not a guarantee of payment of a particular amount and to the extent that it is inconsistent with this plan, the terms contained in the plan control.

   Debtors declare the foregoing statements in their Chapter 13 Plan to be true and correct under penalty of perjury.

   Dated this 21th of October, 2009.

_____
Debtor

_____
Spouse of debtor

_____
Attorney for Debtors


X:\WP51\bk\paynich.pla.wpd

8

# CHAPTER 13
# PLAN ANALYSIS*

Debtors: Michael V. Paynich & Sandra A. Paynich

Case No: 2:09 bk-26807 RJH

Estimated Length of Plan __36__ months.

---

TOTAL DEBT AND ADMINISTRATIVE EXPENSES PROVIDED FOR UNDER THE PLAN

## I. THE CHAPTER 13 PLAN:

A. TOTAL PRIORITY CLAIMS
   1. Unpaid attorney's fees/costs:...........$ 3,705.00[1]
   2. Federal Taxes ..........................$     0.00
   3. State Taxes............................$     0.00
   4. Child Support Lien.....................$     0.00
   5. Estimated interest on Priority Claims...$     0.00
B. TOTAL OF PAYMENTS TO CURE DEFAULT.(1ST MTG)..$     0.00
C. TOTAL OF PAYMENTS ON SECURED CLAIMS .........$32,092.00
D. ESTIMATED INTEREST ON SECURED CLAIMS.........$   999.00
E. TOTAL OF PAYMENTS ON GENERAL UNSECURED CLAIMS$21,524.00
F. SUB-TOTAL ...................................$58,320.00
G. TOTAL TRUSTEE'S COMPENSATION (10% maximum)...$ 6,480.00
H. TOTAL DEBT AND ADMINISTRATIVE EXPENSES ......$64,800.00

---

## II. RECONCILIATION WITH CHAPTER 7

A. Value of debtor(s) interest in non-exempt
   property ................................$ 2,550.47
B. Plus: value of property recoverable under
   avoiding powers .........................$ 5,600.00
C. Less: estimated Chapter 7 administrative
   expenses ................................$ 1,565.05
D. Less: amounts payable to priority creditors
   other than costs of administration .....$     0.00
5. Equals: estimated amount payable to
   general unsecured creditors if Chapter 7
   filed (if negative, enter zero) ........$ 6,585.42
E. ESTIMATED DIVIDEND FOR GENERAL UNSECURED
   CREDITORS UNDER CHAPTER 7 ..............$ 6,585.42
F. ESTIMATED DIVIDEND UNDER PLAN ..........$21,524.00

*If there are discrepancies between the plan and the plan analysis, the provisions of the CHAPTER 13 PLAN control.

X:\WP51\bk\FORM13-2.Paynich.wpd

---

[1] estimated amount. If the total fees exceed amount stated herein, a separate fee application will be filed and noticed.